**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL GALLERIES, INC., a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05 C 4991 |
| v. | ) ) | Judge Virginia M. Kendall |
| LA RAZA CHICAGO, INC., an Illinois corporation, and MIGUEL ANGEL ARRIETA, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW AS TO ACTUAL DAMAGES

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants La Raza Chicago, Inc. and Miguel Arrieta, by their attorneys, move for judgment as a matter of law as to Plaintiff's failure to prove actual damages. In support of their motion, Defendants state as follows:

1. Federal Rule of Civil Procedure 50 provides that, "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may … resolve the issue against the party; and … grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50(a)(1).

2. "Judgment as a matter of law is proper only if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the nonmovant." *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001).

/383219

3.	In order to recover on its claim of defamation *per se*, Plaintiff must prove "damages to plaintiff resulting from the statement." *Brennan v. Kadner*, 351 Ill. App. 3d 963, 967 (1st Dist. 2004). In proving damages, "the law requires that, within a fair degree of probability, the evidence must establish a basis for the assessment of damages." *LID Assoc. v. Dolan*, 324 Ill. App. 3d 1047, 1063 (1st Dist. 2001).

4.	Plaintiff has the burden of proving that Defendants' negligence caused Plaintiff to incur actual damages, which "must be supported by competent evidence[.]" *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).

5.	Here, there is no reasonable basis upon which to award damages resulting from the Publication of *Painted Fraud*. The complaint alleges that "IGI has suffered damages to its business in the form of lost sales *revenues* in the Chicagoland and other areas …." Compl.¶ 17 (emphasis added). Of course, "lost revenues" obviously cannot be a measure of damages because "a loss of revenue is not the same thing as a loss of profits." *Taylor v. Meirick* 712 F.2d 1112, 1121 (7th Cir. 1983).

6.	Recognizing this to be the case, Plaintiff has now proffered its damages expert to opine that publication of the article caused IGI to lose $51 million in profits projected over the next five years. But, Plaintiff has failed to present any evidence of lost profits. To the contrary, IGI's tax returns conclusively establish that IGI reported losses in the millions for each year of its operation. Def. Tr. Exs. 34-36.

7.	In fact, IGI lost $3,899,279.32 in July 2005—one month *prior* to publication of the article. Pl. Tr. Ex. 100 (IGI 26333). It is well established that "[l]ost profits are not a proper element of damages where proof of those profits is based on speculation or conjecture." *Drs. Sellke & Conlon, Ltd. v. Twin Oaks Realty,* 143 Ill. App. 3d 168, 174 (2nd Dist.1986). Any

assertion of lost profits here would be mere speculation or conjecture because IGI had a history of unprofitability.  A "business which has not been profitable generally will be unable to provide competent proof by which the profits can be estimated with reasonable certainty." *SK Hand Tool Corp. v. Dresser Indus., Inc*., 248 Ill. App. 3d 417, 427 (1st Dist.1996).

8. Even if Plaintiff could somehow show lost profits, no competent evidence has been presented that the article proximately caused such losses.  At most, Plaintiff presented anecdotal evidence that the article made it more difficult for some members to facilitate purchases from IGI.  Such evidence is inherently speculative and not quantified.  Plaintiff has provided no reasonable basis whatsoever to guide the jury in awarding any damages.

9. Critically, even Plaintiff's damages expert conceded in open court that attempting to tie IGI's already falling revenues to the article would be like counting "grains of sand."  Such a complete failure to present sufficient evidence of damages proximately caused by the publication of the article entitles Defendants to judgment as a matter of law.

WHEREFORE, Defendants La Raza Chicago, Inc. and Miguel Arrieta pray for the entry of partial judgment as a matter of law as to Plaintiff's failure to prove actual damages.

Dated: November 16, 2007                    Respectfully Submitted,

                                                LA RAZA CHICAGO, INC. and MIGUEL
                                                ANGEL ARRIETA

                                                By: /s/ Robert A. Carson
                                                One of Their Attorneys

Gould & Ratner LLP
Robert A. Carson
Mark D. Brookstein
GOULD & RATNER LLP
*Attorneys for Defendants*
222 North LaSalle Street
Chicago, Illinois 60601

# CERTIFICATE OF SERVICE

I, Robert A. Carson, an attorney, hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Andrew Kochanowski
Nabeel Hamameh
David Szymanski
SOMMERS SCHWARTZ, P.C.
2000 Town Center
Suite 900
Southfield, Michigan 48075

By: /s/ Robert A. Carson