**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL GALLERIES, INC., a Texas corporation, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05 C 4991 |
| v. | ) ) | Judge Virginia M. Kendall |
| LA RAZA CHICAGO, INC., an Illinois corporation, and MIGUEL ANGEL ARRIETA, | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW AS TO ACTUAL MALICE</u>

Pursuant to Federal Rule of Civil Procedure 50(a), Defendants La Raza Chicago, Inc. and Miguel Arrieta, by their attorneys, move for judgment as a matter of law as to Plaintiff's failure to prove actual malice. In support of their motion, Defendants state as follows:

1. Federal Rule of Civil Procedure 50 provides that, "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may … resolve the issue against the party; and … grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." FED. R. CIV. P. 50(a)(1).

2. "Judgment as a matter of law is proper only if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the nonmovant." *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001).

/383095

3. In order to recover presumed and punitive damages in this case, Plaintiff must prove that Defendants acted with actual malice. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347-349 (1974). Plaintiff has the burden of proving actual malice by clear and convincing evidence. *Id*. at 343; *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 464 F.3d 651, 655 (7th Cir. 2006).

4. Actual malice means that Defendants made any defamatory statement "with knowledge that it was false or with reckless disregard of whether it was false or not." *Gertz*, 418 U.S. at 334. The Supreme Court has "equated reckless disregard of the truth with subjective awareness of probable falsity: 'There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'" *Id*. n.6 (citation omitted).

5. Here, Plaintiff has failed to present any evidence that Defendants subjectively entertained serious doubts as to the truth of the statements. Indeed, the Court has heard corroborating testimony from two of the quoted sources. At most, Plaintiff has presented evidence suggesting that Defendants failed to investigate the accuracy of the statements. But, "mere proof of failure to investigate, without more, cannot establish reckless disregard for the truth. Rather, the publisher must act with a high degree of awareness of … probable falsity." *Id*. at 332 (citation omitted). Therefore, Plaintiff has not and cannot prove actual malice. Accordingly, Plaintiff cannot recover presumed and punitive damages.

WHEREFORE, Defendants La Raza Chicago, Inc. and Miguel Arrieta pray for the entry of judgment as a matter of law as to Plaintiff's failure to prove actual malice.

Dated: November 16, 2007

Respectfully Submitted,

LA RAZA CHICAGO, INC. and MIGUEL ANGEL ARRIETA

By: /s/ Robert A. Carson
One of Their Attorneys

Gould & Ratner LLP
Robert A. Carson
Mark D. Brookstein
GOULD & RATNER LLP
*Attorneys for Defendants*
222 North LaSalle Street
Chicago, Illinois 60601

## CERTIFICATE OF SERVICE

      I, Robert A. Carson, an attorney, hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Andrew Kochanowski
Nabeel Hamameh
David Szymanski
SOMMERS SCHWARTZ, P.C.
2000 Town Center
Suite 900
Southfield, Michigan 48075

                                                  By:   /s/ Robert A. Carson